### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CAUSE NO. 1:17-CR-110-LG-RHW**

**GREGORY MCLIN**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [40] Motion for Compassionate Release filed

by Defendant, Gregory McLin.  The Government filed a [47] Response in

Opposition, to which Defendant filed a [50] Reply.  After reviewing the submissions

of the parties, the record in this matter, and the applicable law, the Court finds that

Defendant's Motion should be denied.

### BACKGROUND

On July 24, 2018, McLin entered a plea of guilty to one count of possession of

child exploitation images involving a minor who had not attained the age of twelve,

in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  On October 31, 2018, the Court

sentenced McLin to 97 months of imprisonment, 10 years' supervised release, a fine

in the amount of $10,000.00 with interest waived, and a special assessment in the

amount of $5,100.00.  He is currently housed at FCI Forrest City Low and is

scheduled to be released on February 20, 2025.

On May 29, 2020, McLin filed a *pro se* Motion for Compassionate Release

based on his fear of contracting COVID-19 in connection with reported medical

issues and an outbreak at FCI Forrest City Low where he is incarcerated.  (Mot.

Compassionate Release 1-2, ECF No. 40).  McLin also seeks compassionate release to care for his 68-year-old mother.  (*Id.* at 2).  On June 29, 2020, the Government filed a response in opposition to the Motion, arguing that (1) McLin failed to exhaust his administrative remedies, (2) McLin had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against McLin's release.  McLin then filed a reply on July 2, 2020, now represented by counsel, which set forth his arguments in greater detail.

DISCUSSION

## I.  Ripeness of Defendant's Motion

A district court may reduce a defendant's term of imprisonment after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  Here, McLin filed an inmate request to prison staff for relief on April 3, 2020 (*See* Inmate Request to Staff, ECF No. 50-2) and later filed a BP-8 form to the same effect.  (*See* Declaration, ECF No. 50-1).  The BOP did not respond until June 8, 2020 (*See* Reply Supp. Mot. Compassionate Release 8, ECF No. 50), after the 30-day window had passed and Defendant had filed his Motion. Therefore, the Court may consider McLin's Motion on the merits.

## II.  Merits of Defendant's Motion

In his original *pro se* Motion, McLin cites the COVID-19 outbreak at FCI Forrest City as the grounds justifying compassionate release.  (Mot. Compassionate

Release 1, ECF No. 40).  McLin also cites "[s]erious medical issues that would make [him] susceptible to Covid-19 an[d] if contracted may be fatal."  (*Id*.).  McLin also relates his family circumstances.  Specifically, he seeks release "to help [his] mother, who is 68 years old, and ha[s] glaucoma, diabetes, high blood pressure and is in poor health."  (*Id.* at 2).

First, to the extent Defendant requests that the Court "order Mr. McLin to serve the remainder of his sentence to home confinement" (Reply Supp. Mot. Compassionate Release 2, ECF No. 50), the Court must note that it lacks the authority to order home confinement.  *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court); *United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020).

Second, to the extent Defendant requests a sentence reduction, he is correct that a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  *Id.*

The Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release.[1]  Some courts continue to obtain guidance from the prior policy statement, U.S.S.G. § 1B1.13, while other courts have determined that they are no longer bound by the prior policy statement.  *Compare United States v. York*, Nos. 3:11CR76, 3:12CR145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019).  Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  It also provides that family circumstances may constitute an extraordinary or compelling reason by virtue of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  *Id.* § 1B1.13 cmt. n.1(C)(i)-(ii).

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

The policy statement also provides that the defendant should not pose "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2). To determine whether a defendant poses a danger, courts consider the nature and circumstances of the offense charged and the weight of the evidence against the defendant, as well as the defendant's physical and mental condition, family ties, employment, criminal history, and drug and alcohol use history. 18 U.S.C. § 3142(g). The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release is also an important factor. *Id.*

First, although McLin reports on his mother's declining condition and need for care, he does not address the family circumstances required by the Sentencing Commission's policy statement. The policy statement provides that death or incapacitation of the defendant's spouse or a caregiver of the defendant's children justifies sentence reduction—in other words, a situation wherein the defendant has become the only available caregiver. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). McLin has not claimed status as the only available caregiver.

Rather, McLin's Motion for Compassionate Release, like countless others, is premised on the ongoing COVID-19 pandemic. According to Defendant, "FCI-Forrest City Low currently has 26 inmates with COVID-19." (Reply Supp. Mot. Compassionate Release 13, ECF No. 50). Defendant, a 46-year-old male, further cites his "heart disease, latent TB, diabetes and hypertension" as medical problems which could potentially leave him more vulnerable to the virus. (*Id.* at 2).

Publications by the Centers for Disease Control and Prevention (CDC) have recognized serious heart disease as among the conditions which increase risk of severe illness from COVID-19.  *Groups at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (retrieved July 6, 2020).  Likewise, the CDC indicate that diabetes, depending on the type, may increase or does increase risk of severe illness from COVID-19.  *Id.*

Currently, it is not clear whether the CDC recognize hypertension on its own as an underlying medical condition that might cause a person to be at higher risk for severe illness from COVID-19.  An older posting lists hypertension among the conditions which "may increase . . . risk of severe illness from COVID-19."  *Id.*  In a more recent posting, the CDC stated, "[a]t this time, people whose only underlying medical condition is hypertension are not considered to be at higher risk for severe illness from COVID-19," adding that it may be present in persons who already suffer from other underlying medical conditions, such as diabetes and serious heart disease.  *Clinical Questions about COVID-19: Questions & Answers*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Patients-with-Hypertension (retrieved July 6, 2020).  The CDC does not indicate that tuberculosis (TB) increases severe risk of illness from COVID-19.

Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence.  *See, e.g.,*

*United States v. Oliejniczak*, No. 1:15-CR-142-EAW, 2020 WL 2846591, at *4

(W.D.N.Y. June 2, 2020); *see also United States v. Denault*, No. 11 Crim. 121-7

(GBD), 2020 WL 2836780, at *2 (S.D.N.Y. June 1, 2020); *United States v. Colonna*,

No. 18-cr-60012-BLOOM, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020).

However, Defendant is correct that there are twenty-seven (27) inmates and one (1)

staff member with confirmed cases of COVID-19 at FCI Forrest City Low. *See*

*COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (retrieved

July 6, 2020). Therefore, the threat posed by COVID-19 at FCI Forrest City Low, in

conjunction with McLin's medical vulnerability, weighs in favor of his release.

Although much weight should be placed on McLin's medical condition, the

Court agrees with the Government that "the § 3553(a) factors strongly disfavor a

sentence reduction." (Govt.'s Resp. Def.'s Mot. Reduce Sent. 18, ECF No. 47). The §

3553 sentencing factors include the nature and circumstances of the offense and the

history of the defendant. The Court may also consider the need for the sentence

imposed to reflect the seriousness of the offense, afford adequate deterrence, protect

the public, and provide the defendant with needed education, training, and

treatment. 18 U.S.C. § 3553(a).

Here, McLin entered a plea of guilty to the single count listed in the

indictment. After considering several special offense characteristics, McLin's total

offense level was 30. (Presentence Investigation Report (PSR) ¶¶ 44-58, ECF No.

36). These characteristics included the depiction of minors less than 12 years old,

the portrayal of masochism and violence, and the amount of illicit material

possessed.  (*Id.*).  McLin also maintained criminal convictions for felony sale of cocaine, assault, and family violence, among others.  (*Id.* ¶¶ 60-66).  He has been arrested for other offenses as well.  (*Id.* ¶¶ 68-72).

McLin benefitted from receiving the bottom period of incarceration under his sentencing guidelines.  (*Id.* ¶ 100).  Further, McLin has only served a little over a fourth of his sentence.  (Govt.'s Resp. Def.'s Mot. Reduce Sent. 5, ECF No. 47).  The type of offense committed also weighs heavily against release.  *See United States v. Schwab*, No. 13-CR-237, 2020 WL 3452651, at *1 (E.D. La. Jun. 24, 2020) (denying compassionate release where "[t]he defendant pleaded guilty to several counts related to the production, possession, and distribution of child pornography" and had served only 34% of his imprisonment, as such a reduction "would not 'reflect the seriousness of the offense'"); *see also United States v. Johnson*, No. 3:11-CR-066-B-01, 2020 WL 3129695 (N.D. Tex. Jun. 12, 2020).  For all these reasons, the Court finds that a reduction in McLin's sentence would not reflect the gravity of his offense, protect the public, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [40] Motion for Compassionate Release filed by the defendant, Gregory McLin, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE